IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RODERICK WAYNE SPIVEY,

        Plaintiff,

        v.

GREGORY NETTLES, et al.,

        Defendants.

CIVIL ACTION NO.: 5:24-cv-86

## O R D E R

Plaintiff filed this action, as amended, asserting claims under 42 U.S.C. § 1983.  Doc. 20. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, the Court **DISMISSES** the following portions of Plaintiff's Amended Complaint:[1]

1. Plaintiff's claims against Defendants Sasser, Bennett, Pierce County Jail, Pierce County Sheriff's Department, and Ashley Nettles;

2. Plaintiff's negligence claim against Defendants Henderson and Gregory Nettles;

3. Plaintiff's conspiracy, perjury, false arrest, false imprisonment, malicious prosecution, abuse of power, and misuse of arrest warrant claims against Defendant Gregory Nettles; and

4. Plaintiff's deliberate indifference claim against Defendant Henderson.

However, I **FIND** that some of Plaintiff's claims may proceed.  The Court will order service of the following claims by separate Order:

1. Plaintiff's retaliation, harassment, and search and seizure claims against Defendant Gregory Nettles; and

---

[1] Plaintiff has consented to the undersigned's plenary review.  Doc. 7.

2.      Plaintiff's excessive force claim against Defendant Henderson.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff alleges that Defendant Gregory Nettles subjected him to repeated harassment between 2021 and 2023.  Doc. 20 at 16.  As part of this harassment, Plaintiff alleges that Defendant Gregory Nettles searched his vehicle without probable cause.  Id.  Plaintiff filed complaints with Defendants Bennett and the pierce County Sheriff's Office regarding Defendant Gregory Nettles's conduct.  Id.  After this, Plaintiff alleges that Defendant Gregory Nettles retaliated against him by repeatedly searching Plaintiff's person without probable cause.  Id.

Plaintiff alleges that, eventually, Defendant Gregory Nettles and his spouse—Defendant Ashley Nettles—began conspiring against Plaintiff.  Id.  Plaintiff states that he knew that Defendant Gregory Nettles and his spouse were conspiring "when Defendant Greg Nettles pulled into someone[']s yard where Defendant was parked and visiting."[3]  Id.  Defendant Gregory Nettles then "unlawfully" and without a warrant searched Plaintiff's home and arrested him.  Id. at 17.  This arrest occurred on February 24, 2023.  Id. at 4.

During Plaintiff's subsequent criminal proceedings, Plaintiff alleges that Defendants Gregory Nettles, Ashley Nettles, and Sasser injured him.  Defendants Gregory Nettles and Ashley Nettles committed perjury by submitting a false affidavit.  Id. at 5.  Plaintiff's public defender, Defendant Sasser, was "ineffective" because he failed to discuss Plaintiff's case with him or file motions and admitted that he discussed Plaintiff's case with Defendant Ashley

---

[2]      All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 20.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3]      Plaintiff's allegations are hard to follow.  Plaintiff appears to allege that he saw Gregory Nettles arrive at a location where Ashley Nettles was already present.

Nettles, breaching his duty of confidentiality.  Id. at 17.  In addition, Plaintiff alleges Sasser breached the attorney-client privilege because Sasser "only sealed [Plaintiff's] wrongful conviction."  Id. at 20.

After the trial, Plaintiff was incarcerated at Pierce County Jail.  Id. at 18.  There, Defendant Henderson and three unnamed officers assaulted Plaintiff while he was in his cell.  Id.  These officers "kicked Plaintiff in his back and punched him in the head," leaving him with broken bones.  Id.

Referring to specific Defendants, Plaintiff alleges that Defendants Gregory Nettles and Ashley Nettles violated state or federal law by conspiring, falsely arresting Plaintiff, committing perjury, violating Plaintiff's due process rights, misusing an arrest warrant, abusing their power, and committing negligence.  Id. at 4.  Plaintiff also alleges that Defendant Gregory Nettles harassed him, illegally retaliated against him, and unlawfully searched his property.  Id. at 16, 20.  Plaintiff alleges that Defendant Sasser violated his rights by rendering ineffective assistance, failing to file motions, and having a conflict of interest.  Id. at 4.  Plaintiff alleges that Defendants Henderson and Bennett cruelly and unusually punished him, denied Plaintiff medical care, and committed negligence.  Id.

Plaintiff seeks monetary damages, injunctive relief, and attorney's fees.  Id. at 21–22.

**STANDARD OF REVIEW**

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

3

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  But Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  To state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.   Plaintiff's Claim for Injunctive Relief

Plaintiff claims that his arrest was unconstitutional and that he was unlawfully imprisoned for 22 months.  Doc. 20 at 5, 17.  He states that he is currently on parole.  Id. at 11.  Plaintiff requests injunctive relief, asking that "Defendants . . . cease from unlawful acts."  Id. at 21.  A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate

4

release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). If Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, "for those imprisoned pursuant to a State court judgment, . . . the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Accordingly, to the extent that Plaintiff seeks injunctive relief to release him from state custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint. Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, so he has not satisfied a prerequisite for filing a federal habeas petition. Thus, the Court **DISMISSES** Plaintiff's request for injunctive relief to the extent that he seeks injunctive relief to release him from state custody.

## II.    Plaintiff's Claims Against Improper Defendants

### A.    Defendants Pierce County Sheriff's Office and Pierce County Jail

Plaintiff names as Defendants the Pierce County Sheriff's Office and Pierce County Jail. Doc. 20 at 15. To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law. Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Defendants Pierce County Sheriff's Department and Pierce County Jail are not legal entities subject to suit under § 1983. Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (finding sheriff's departments are not usually entities subject to suit in

Georgia under § 1983); <u>Williams v. Chatham Cnty. Sheriff's Complex</u>, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").  I, therefore, **DISMISS** Plaintiff's claims for monetary damages against Defendant Pierce County Sheriff's Department and Pierce County Jail.

### B.   Defendant Sasser

Plaintiff names his former public defender, Gregory Sasser, as a Defendant.  Doc. 20 at 3.  But "private attorneys and public defenders 'are not state actors for purposes of § 1983.'"  <u>Myers v. King</u>, No. 4:21-cv-278, 2022 WL 1810997, at *2 (S.D. Ga. June 2, 2022) (quoting <u>Rolle v. Glenn</u>, 712 F. App'x 897, 899 (11th Cir. 2017)).  Thus, Defendant Sasser is not a proper Defendant in this § 1983 action.  I **DISMISS** Plaintiff's claims for monetary damages against him.

### C.   Defendant Bennett

Plaintiff also seeks to sue Pierce County Sheriff Ramsay Bennett.  Doc. 20. at 3.  The Eleventh Circuit has held a district court properly dismisses a defendant when a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to Defendant Bennett, Plaintiff fails to describe how he participated in any purported violation of Plaintiff's constitutional rights.  Plaintiff states that he "filed complaints" with Defendant Bennett but does not describe anything that subsequently happened with those complaints.  Doc. 20 at 16.  Plaintiff does not provide any specific factual allegations linking Defendant Bennett's actions to Plaintiff's injuries.  <u>Id.</u> at 2–3.

To the extent Plaintiff seeks to hold Defendant Bennett liable for the acts of his subordinates without alleging any personal involvement, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must show either (1) the supervisor participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendant Bennett participated in the events supporting any of Plaintiff's claims.

Thus, Defendant Bennett is not a proper Defendant in this § 1983 action.  I, therefore, **DISMISS** Plaintiff's claims against him.

II.     **Plaintiff's Remaining Claims**

A.      **False Arrest, False Imprisonment, and Malicious Prosecution**

Plaintiff asserts false arrest, false imprisonment, and malicious prosecution claims against Defendants Gregory Nettles and Defendant Ashley Nettles under § 1983 and seeks monetary damages.  Doc. 20 at 4.

To bring a § 1983 action for damages that "challenge[s] the validity of [an] outstanding criminal judgment[]," a plaintiff must first "prove the unlawfulness of his confinement or conviction."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus
. . . ." Id. at 486–87.

Some § 1983 claims, due to their very nature, are incompatible with the conviction as a matter of law. Id. at 879. Other claims, however, can resolve in the plaintiff's favor without disturbing the conviction because, even after a successful claim, there remains an independent "construction of the facts that would allow the underlying conviction to stand." Id. For example, Fourth Amendment claims related to unreasonable searches and seizures are not necessarily barred under Heck, even when the evidence was admitted at trial, because "illegal searches may be followed by valid convictions." Harvey v. United States, 681 F. App'x 850, 853 (11th Cir. 2017) (citing Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994)) ("[A] suit for damages arising out of an allegedly unreasonable search . . . may proceed even if evidence from the challenged search was introduced in the criminal trial that resulted in the plaintiff's conviction.").

Plaintiff alleges that Defendants Gregory Nettles and Ashley Nettles' unconstitutional actions in the form of a warrantless arrest led to his unlawful imprisonment and constituted malicious prosecution, and he seeks relief from that unlawful imprisonment in the form of release and monetary damages. But Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

Thus, to the extent that Plaintiff's claims against Defendant Gregory Nettles and Defendant Ashley Nettles are based on theories of malicious prosecution, false arrest, or

8

improper imprisonment resulting from a false arrest, they are not actionable in a § 1983 suit. The Court **DISMISSES** these claims.

### B.    Perjury

Plaintiff alleges that Defendants Gregory Nettles and Ashley Nettles committed perjury during his criminal proceedings, violating Plaintiff's constitutional rights. Doc. 20 at 4. But Plaintiff's perjury claim against Defendant Gregory Nettles and Ashley Nettles are barred by the doctrine of witness immunity. "This doctrine protects witnesses, including law enforcement officers testifying in criminal proceedings, from subsequent civil liability for the testimony they give, perjured or otherwise." Franklin v. Brunswick Police Dep't, No. 2:17-cv-42, 2017 WL 4448236, at *4 n.4 (S.D. Ga. Oct. 7, 2017) (citing Briscoe v. Lahue, 460 U.S. 325, 326, 334–37, 44 (1983)). Accordingly, the Court **DISMISSES** Plaintiff's perjury claim against Defendants Gregory Nettles and Ashley Nettles.

### C.    Deliberate Indifference to a Serious Medical Need

Plaintiff alleges that Defendants Henderson and Bennett "denied [Plaintiff] medical care." Doc. 20 at 4. To state a deliberate indifference claim under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prove a claim for deliberate indifference to a serious medical need, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and the plaintiff's injury. Id.

Plaintiff alleges no other facts supporting a deliberate indifference claim. Plaintiff does not describe his medical care in prison or the actions of any Defendants relating to that medical care. Therefore, Plaintiff's deliberate indifference claim against Defendants Henderson and

Bennett fails. The Court **DISMISSES** Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Henderson.

### D.       Conspiracy

Plaintiff alleges that Defendants Gregory Nettles and Ashley Nettles conspired against him. Doc. 20 at 4. A conspiracy to violate another person's constitutional rights gives rise to a § 1983 action. "To establish a prima facie case of a [§] 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy but must show some evidence of agreement between the defendants." Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Plaintiff does not set forth any facts concerning Defendants' supposed agreement violate his rights. Plaintiff merely states that he "knew" Defendants conspired together to violate his rights when he saw Defendant Gregory Nettles in public. Doc. 20 at 16. Even at the frivolity stage, Plaintiff fails to set forth sufficient facts which would render his conspiracy allegations "plausible." Iqbal, 556 U.S. at 678. Plaintiff has made no non-conclusory showing of an agreement or willful participation, and for this reason alone, his conspiracy claim against Defendants Gregory Nettles and Ashley Nettles fails. Thus, the Court **DISMISSES** Plaintiff's conspiracy claim against Defendants Gregory Nettles and Ashley Nettles.

E.      Negligence

Plaintiff alleges Defendants Gregory Nettles, Ashley Nettles, Henderson, and Bennett committed negligence as a basis for his claims under § 1983.  Doc. 20 at 4.  To the extent that Plaintiff is attempting to assert a claim for negligence under § 1983, his claim fails.  "[A] state official's mere negligent conduct, even if it causes injury, does not constitute an actionable deprivation under § 1983."  Wynn v. Postal Serv., 735 F. App'x 704, 705 (11th Cir. 2018) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)).

If Plaintiff intends to assert an ordinary state law negligence claim, that claim also fails.  The Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20 et seq. "constitutes the exclusive remedy for any tort committed by a state officer or employee."  O.C.G.A. § 50-21-25(a).  The GTCA provides that tort claimants must "name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually."  O.C.G.A. § 50-21-25(b) (emphasis added).  In other words, if a state officer or employee is sued for a tort committed while acting within the scope of his or her official duties or employment, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant."  Id.  The GTCA further provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees, but it does not waive the State's sovereign immunity for tort actions brought against the State in federal court.  O.C.G.A. § 50-21-23(b) ("The [State of Georgia] does not waive an immunity with respect to actions brought in the courts of the United States.");  Williams v. Ga. Dep't of Corr., No. 6:11-cv-11, 2012 WL 2839454, at *5 (S.D. Ga. May 2, 2012).

11

Here, Plaintiff states that Defendants Gregory Nettles, Henderson, and Bennett are employees of the Pierce County Sheriff's Office.  Doc. 20 at 2–3.  Plaintiff also states that Defendant Ashley Nettles is an employee of the Georgia Department of Corrections.  Id. at 2.  Even if those state government entities—the Pierce County Sheriff's Office or the Georgia Department of Corrections—had been named, the claims would still be dismissed because those entities would be immune to suit in federal court under the GTCA.  Thus, the Court **DISMISSES** Plaintiff's negligence claim against Defendants Gregory Nettles, Ashley Nettles, Henderson, and Bennett.

### F.        Due Process, Abuse of Power, and Misuse of Arrest Warrant

Plaintiff alleges due process violations by Defendants Gregory and Ashley Nettles.  Id. at 4.  Plaintiff also alleges that Defendants Gregory Nettles and Ashley Nettles committed "abuse of power" and "misuse[d] an arrest warrant."  Id.  Even construing Plaintiff's allegations liberally, Plaintiff merely asserts "labels and conclusions," and he does not allege any facts that would support these claims.  Twombly, 550 U.S. 544, 555.  To the extent that Plaintiff intended for these to be freestanding claims, the Court **DISMISSES** Plaintiff's claims related to due process, abuse of power, and misuse of arrest warrant against Defendants Gregory Nettles and Ashley Nettles.

### CONCLUSION

For the reasons set forth above, the Court **DISMISSES** all of Plaintiff's claims against Defendants Sasser, Henderson, Bennett, Pierce County Jail, Pierce Couty Sheriff's Department, and Ashley Nettles.  However, I **FIND** that some of Plaintiff's claims may proceed.  The Court will direct service of the following claims by separate Order: Plaintiff's retaliation, harassment,

and search and seizure claims against Defendant Gregory Nettles; and Plaintiff's excessive force claim against Defendant Henderson.

      **SO ORDERED**, this 23rd day of February, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA